UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
   MARIEL RODRIGUEZ o/b/o, V.R.,    :

                                  Plaintiff,  :

                                             :   1:13-cv-02152 (ALC)

         -against-                 :

                                             :   <u>OPINION</u>

   COMMISSIONER OF SOCIAL SECUIRTY,  :

                                  Defendant.  :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

   I.     INTRODUCTION

      *Pro se* Plaintiff Mariel Rodriguez ("Plaintiff") brought this action on March 29, 2013 on behalf of her minor child (hereinafter "VR"), for review of the Commissioner of Social Security's ("Commissioner") November 13, 2011 Decision by Administrative Law Judge Joseph K. Rowe ("ALJ Rowe), which found that VR was not disabled under § 1614(a)(3)(C) of the Social Security Act. On July 31, 2014, the Commissioner moved for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 29.) Plaintiff has not submitted an opposition and/or cross-motion, although this Court directed she do so on or before August 28, 2014. (ECF No. 28.) For the reasons described below, however, the Commissioner's Motion is **DENIED**, the Commissioner's November 13, 2011 Decision is **VACATED** and this action is **REMANDED** to the Commissioner for further proceedings.

   II.    DISCUSSION

      The threshold step in a court's review of a Commissioner's final decision pursuant to 42 U.S.C. § 405(g) is determining whether the administrative law judge applied the correct legal standards. *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999). This is so because, although

**COPIES MAILED**                 1

deference is traditionally afforded to the Commissioner's decisions, "where evidence has not been properly evaluated because of an erroneous view of the law . . . the determination of the [Commissioner] will not be upheld." *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). Reversal is thus warranted where, for example, the ALJ applied the wrong Listing(s) of Impairments contained in Appendix 1 to the Social Security Regulations in evaluating a claimant's case. *See, e.g., Campos ex rel. Cruz v. Barnhart*, No. 01 Civ. 10005(SAS), 2003 WL 21243036, at *7 (S.D.N.Y. May 28, 2003) (reversing decision where, *inter alia*, ALJ applied Listing that pertained only to children under the age of one to case of seven-year old claimant); *Brown v. Barnhart,* 370 F. Supp. 2d 286, 290 (D.D.C. 2005) (reversing where ALJ failed to apply revised version of Listings that took effect three days prior to the ruling's issuance).

Under this rubric, the Court is compelled to vacate ALJ Rowe's November 23, 2011 decision based on its erroneous application of the law. In particular, in evaluating whether VR had an impairment that met or was medically equal to the severity of an impairment in the Listings, the ALJ, as well as expert witness Dr. Allan Rothenberg on whose opinion he relied, applied former Listing 109.11 for adrogenital syndrome. (*See* R. 19, 42). Effective June 7, 2011, however, Listing 109.11 had been displaced in a revised version of the Listings, and the Social Security Administration's notice of the revision explicitly stated that, once effective, the revision would be applied to all pending claims. *See* Revised Medical Criteria for Evaluating Endocrine Disorders, 76 Fed. Reg. 19,692, 19,692 n.3 (Apr. 8, 2011) ("[w]e will apply the final rules . . . to claims that are pending on and after [June 7, 2011]" and that "[w]e expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions"). Remand is necessary, then, because, in contrast to the three-part test the ALJ applied under the former Listing 109.11, the governing Listings required that he evaluate

VR's impairment "under the listings for other body systems." Section 109.00(B) of 20 C.F.R. Pt. 404, Subpt. P, App. 1.[1]

The Court, of course, expresses no view on what the outcome should be on remand.

### III.   CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED** that the Commissioner's motion for judgment on the pleadings (ECF No. 29) is **DENIED**; and it is

**FURTHER ORDERED** that the Commissioner's final decision denying VR's application for supplemental security income benefits is **VACATED** and this action is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

The Clerk of the Court is respectfully directed to enter judgment consistent with this opinion.

**SO ORDERED.**

Dated: September 25, 2014
       New York, New York

_____
ANDREW L. CARTER, JR.
**United States District Judge**

---

[1] While it is not essential to this decision, the Court notes that the ALJ's decision also states that the ALJ had considered "Listing 110.09A and B" in reaching his decision. (R. at 19.) The Court is unable to locate such a Listing, however, and suspects that the intended reference was to Listing 110.08 A and B which applies to "catastrophic congenital abnormality or disease."